**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
SEP 0 3 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

RICKY R. FRANKLIN :
:
Plaintiff, :
: **Civil Action No:** 1:26-CV-5071
v. :
:
TOP GOLF USA, LLC :
:

## INTRODUCTION

1. RICKY R. FRANKLIN, (referred to as "Plaintiff") bring this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of TOP GOLF USA, LLC and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), thereby invading Plaintiffs' privacy.

2. . Defendant TopGolf, LLC, has violated the TCPA by contacting the Plaintiff on his cellular telephone via an "automatic dialing system," and/or " automated text messaging system as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA and also violated 47 U.S.C. § 227( c)(5), whereas Plaintiff has received more than one telephone call within a 12-month

period by or on behalf of the same entity in violation of the regulations prescribed under this subsection.

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. “Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA.” *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that “[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Text messages are "calls" within the context of the TCPA. See…Satterfield v. Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).

**JURISDICTION & VENUE**

6. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

7. RICKY R. FRANKLIN, is a natural person who was at all relevant times residing in the city of Stockbridge, county of Henry, state of Georgia.

8. Defendant TOP GOLF USA, LLC (hereinafter, "TGF or "Defendant TGF") is a company with a headquarters located in Texas, with a registered agent in Georgia, under CT Corporation System, 289 Culver St, Lawrenceville, GA 30046.

9. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

10. At all times relevant Defendant conducted business in the State of Georgia and, within this judicial district.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C § 227et seq.**

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13. In addition to the restrictions on automated telephone equipment, the TCPA instructs the FCC to issue regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Accordingly, the FCC issued regulations prohibiting "persons or entities from initiating any call for telemarketing purposes to a residential telephone subscriber unless [the] person or entity has instituted [certain listed] procedures for maintaining" a do-not-call list. 47 C.F.R. § 64.1200(d). Relevant here, the regulations require the telemarketer to (1) provide "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which

the person or entity may be contacted," § 64.1200(d)(4); (2) maintain a do-not-call list, § 64.1200(d)(6); and (3) honor a person's request not to be called.

## FACTUAL ALLEGATIONS

14 In the summer of this year, Plaintiff received a text message from Defendant TGF on his cellular telephone number at –ending in 2809. During this time, Defendant began to use Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text messages, including twenty nine (29) other text messages up until the present day.

15. Plaintiff has never been a customer of the Defendant and Defendant has never gained prior express written consent from Plaintiff to send these text messages to his cellphone.

16. Plaintiff placed his cellular phone number on the National "Do-Not-Call" list, due to solicitation calls from telemarketers, and other businesses. Plaintiff uses his cellular phone number as his primary residential number for personal, family, and household use. The Plaintiff has never maintained a landline at his residence and uses his cell phone for setting alarms, navigation purposes, sending/receiving emails, timing food when cooking, sending/receiving text messages and exercising.

17. The Plaintiff further has his cell phone for her personnel accounts, and the phone is not primarily used for any business purpose. All of the messages were impersonal and some of them read:

**May 22, 2026: Topgolf: Our Memorial Day Sale is live! Save on your Summe Fun Pass+this weekend only. Offer ends Monday. Tap to get yours https://tgif.io/5sg5Gw**

**May 24, 2026: Topgolf: Our Memorial day sale ends tomorrow. Don't miss the chance to save on your summer fun pass+ Tap to gey yours: https://tgifio/nSV7Me**

**August 4, 2026: Topgolf: Summer fun pass is now just $79. Act today to get every perk for the lowest price of the season http://tgif.io/4SmzvQ Prices vary by loc TxtStopend (See Exhibit A, Text message Campaign)**

18. Plaintiff avers that each subsequent text/call left similar pre-recorded messages at a minimum of over twenty nine (29) times from various numbers belonging to the Defendant.

19. The Defendant never contacted Plaintiff to obtain his express written consent to receive such texts messages to his wireless number.

20. Plaintiff has received these unsolicited calls/texts from the Defendant in violation of the "Do-Not-Call Regulations".

21. Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

22. Plaintiff uses his cellular phone number as his primary residential number for personal, family, and household use. The Plaintiff has never maintained a landline at his residence and uses his cell phone for setting alarms, navigation purposes,

sending/receiving emails, timing food when cooking, sending/receiving text messages and exercising. The Plaintiff further has his cell phone for her personnel accounts, and the phone is not primarily used for any business purpose.

23. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous repeated calls came with such persistence and frequency as to amount to a course of hounding the Plaintiff. Additionally, these calls drained the cellphone battery resulting in a cost to recharge the phone and using up minutes on a prepaid plan. Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CAUSE OF ACTION COUNT I
## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. SECTION 227(B)

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant TGF placed over twenty nine (29) calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice messaging system" violating 47 U.S.C. § 227(b)(1)(A).

26. Without prior express written consent, the Defendant MIC texted the Plaintiff at least twenty nine (29) by means of automatic texting system to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

27. As a result of Defendants violations of 47 U.S.C. § 227et seq., Plaintiff is entitled to an award of a minimum of $500 to $1,500.00 in statutory damages for each call-in violation of the statute pursuant to 47 U.S.C. § 227(b)(3).

## CAUSE OF ACTION COUNT II-TCPA
## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. § 227(c)(5)

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The twenty nine (29) phone calls were made to Plaintiff's "residential number" which is listed on the "Do-Not-Call" registry and did not reveal the entities on whose behalf they were made, did not provide contact information for those entities, that Defendants failed to maintain records of his requests to be placed on the do-not-call list and also failed to honor his do-not-call request.

30. As a result of Defendants violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to an award of a minimum of $1,500.00 in statutory damages for each negligent, knowing, and/or willful call-in violation of the statute pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

a) As a result of the Defendant's violations of 47 U.S.C. § 227(b)(3). Plaintiff is entitled to statutory damages of $500 to $1,500.00 for each of the twenty nine (29) calls in violation of the statue;

b) As a result of Defendant violations of , 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of $1,500.00 in statutory damages for each of the twenty nine (29) calls in violations of State and Federal the "do-not-call" provisions;

c) Assessing against Defendants, all costs incurred by the Plaintiff; and

d) Awarding such other relief as justice and equity may require.

Respectfully submitted,

708 Brambling Way
Stockbridge, GA 30281
(470-542-2809)
rrfrank12@hotmail.com