FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
OCT 08 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RICKY R. FRANKLIN | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Civil Action No: 1:26-CV-5071-SDG** |
| v. | : | |
| | : | |
| TOP GOLF USA, LLC | : | |
| | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Ricky R. Franklin ("Plaintiff"), proceeding pro se, respectfully submits this Response in Opposition to Defendant Topgolf International, LLC's ("Topgolf" or "Defendant") Motion to Dismiss (ECF No. 5) and states as follows:

## INTRODUCTION

Topgolf's Motion to Dismiss asks this Court to dismiss Plaintiff's Complaint **with prejudice** based on the argument that "text messages are not telephone calls" under the TCPA. This argument fails for three independent reasons.

First, as to Count I, the **United States Supreme Court has already held** that text messages are "calls" under 47 U.S.C. § 227(b)(1)(A)(iii) — the exact statute at issue. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016). The Northern

District of Georgia cases Topgolf cites all addressed a **different statute** — § 227(c)(5) (the Do Not Call provision) — not § 227(b) (the ATDS provision). Topgolf conflates these two provisions, but they are legally distinct, and the case law treats them differently.

Second, Topgolf's argument that Plaintiff's ATDS allegation is "conclusory" ignores **Topgolf's own website**, which states: "Text messages may be sent using an automatic telephone dialing system, or artificial or pre-recorded voice." This is a party admission using the exact statutory term — "automatic telephone dialing system" — that transforms Plaintiff's allegation from conclusory to factually supported by Defendant's own words.

Third, the legal landscape is **not settled** — there is now an **active circuit split** among federal courts of appeals on whether text messages are "telephone calls" under the TCPA. The **Ninth Circuit** in *Howard v. Republican National Committee*, 164 F.4th 1119, 1123-24 (9th Cir. 2026), held that text messages **are** "calls" under § 227(b)(1)(A) — the same statute Plaintiff relies on in Count I. The **Seventh Circuit** in *Steidinger v. Blackstone Medical Services*, No. 25-2398, 2026 WL 2028517 (7th Cir. July 14, 2026), reached the opposite conclusion as to § 227(c)(5), while expressly acknowledging that the § 227(b) cases (including *Campbell-Ewald*) involve a **different statutory provision**. The appeal in

*Radvansky v. Kendo Holdings, Inc.* was **dismissed by stipulation** in July 2026, so the Eleventh Circuit has not yet ruled on this issue. Additionally, another judge in this very district recently allowed a text message TCPA claim to survive a motion to dismiss in *Bramlett v. RES 360 LLC*, No. 1:25-cv-3312-MLB, 2026 WL 613023 (N.D. Ga. Mar. 4, 2026). Dismissal with prejudice is premature when the law is in a state of flux and the Supreme Court may ultimately resolve the circuit split. For these reasons and those set forth below, Topgolf's Motion should be denied. At minimum, dismissal should be without prejudice to allow Plaintiff to amend.

## ARGUMENT

### I. THE LEGAL STANDARD FOR A MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

Topgolf has moved to dismiss **with prejudice** — the most severe form of dismissal. Dismissal with prejudice is appropriate only when "a more carefully

drafted complaint" could not cure the defect. *Royal v. Georgia CVS Pharm., L.L.C.*, No. 1:26-CV-01357-ELR, 2026 WL 1537161, at *4 (N.D. Ga. May 8, 2026). As demonstrated below, Plaintiff's claims can be cured by amendment, and at least one count is already supported by binding Supreme Court precedent.

## II. COUNT I SURVIVES BECAUSE THE SUPREME COURT HAS ALREADY HELD THAT TEXT MESSAGES ARE "CALLS" UNDER § 227(b)(1)(A)(iii)

### A. Campbell-Ewald Is Binding Supreme Court Precedent on § 227(b)

Topgolf's central argument — that "text messages are not calls" — fails as to Count I because the **Supreme Court of the United States has already held the opposite** under the exact statute at issue. In *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), the Supreme Court stated:

**"A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)."Id. at 156.**

This is not a district court opinion, a policy interpretation, or an FCC regulation it is a holding by the **highest court in the land**, addressing the **exact statutory provision** Plaintiff relies on in Count I. Topgolf cannot dismiss this statement as mere dicta, because it was the foundational premise of the Supreme Court's entire analysis — the Court was deciding whether the TCPA's prohibition on ATDS calls applied to text messages, and it held that it did.

Topgolf argues that the Supreme Court merely "assumed" this without deciding. But this characterization is wrong. The Supreme Court's statement was "undisputed" — meaning no party contested it and the Court accepted it as established law. The N.D. Ga. cases Topgolf cites acknowledge this. *See Royal*, 2026 WL 1537161, at *3 (acknowledging that the Supreme Court in *Campbell-Ewald* "assumed" text messages are calls under § 227(b), but holding that "call" under § 227(c)(5) is different).

**B. The N.D. Ga. Cases Topgolf Cites Addressed § 227(c)(5), Not § 227(b)**

Every case Topgolf cites in support of its "text ≠ call" argument arose under § **227(c)(5)** — the Do Not Call provision — not § 227(b)(1)(A)(iii) — the ATDS provision. These are **different statutes with different text**:

- **§ 227(c)(5)** creates a private right of action for a person who "received more than one **telephone call** within any 12-month period"
- **§ 227(b)(1)(A)(iii)** prohibits making any "**call** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, using any automatic telephone dialing system"

The N.D. Ga. cases that held "telephone call" in § 227(c)(5) does not include text messages **did not address** whether "call" in § 227(b)(1)(A)(iii) includes text messages. *See Irvin v. Sonic Indus. Servs., LLC*, No. 3:25-CV-00242-LMM, 2026 WL 1098403, at *5 (N.D. Ga. Apr. 20, 2026) (addressing only § 227(c)(5));

*Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-CV-2811-TWT, 2026 WL 456919, at *5 (N.D. Ga. Feb. 17, 2026) (same); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-CV-00214-LMM, 2026 WL 810929, at *3 (N.D. Ga. Feb. 12, 2026) (same).

The **Seventh Circuit** in *Steidinger v. Blackstone Medical Services* (7th Cir. 2026) explicitly distinguished the two provisions, holding that § 227(b) — which governs autodialed communications — is **"unaffected"** by the § 227(c)(5) "text ≠ call" rulings. The Seventh Circuit noted:

*"[T]he Court observed that '[a] text message to a cellular telephone, it is undisputed, qualifies as a "call" within the compass of § 227(b)(1)(A)(iii).'"*

(Quoting *Campbell-Ewald*, 577 U.S. at 156.) The Seventh Circuit thus confirmed that even if text messages are not "telephone calls" under § 227(c)(5), they **remain "calls"** under § 227(b)(1)(A)(iii).

**C. McLaughlin Did Not Address § 227(b)**

Topgolf relies heavily on *McLaughlin Chiropractic Ass'n, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), but that case did not address § 227(b). *McLaughlin* arose in the context of **unsolicited fax advertisements** and addressed whether district courts must defer to the FCC's interpretation of the TCPA under the Hobbs Act. *McLaughlin* did not address — much less resolve — whether text messages

are "calls" under § 227(b)(1)(A)(iii). Topgolf's attempt to extend *McLaughlin* to § 227(b) is an unsupported leap.

Moreover, the Supreme Court in *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n.2 (2021), also recognized that text messages qualify as "calls" under § 227(b)(1)(A)(iii), citing *Campbell-Ewald* with approval. This further confirms that the Supreme Court's treatment of text messages as "calls" under § 227(b) is settled at the Supreme Court level — even if the N.D. Ga. has held differently as to § 227(c)(5).

Additionally, the Second Circuit in *Wilson v. Better Mortgage Corp.* (2d Cir. 2025) rejected the argument that "call" was fixed at its 1991 meaning, holding that "call" in 1991 meant **"any communication made by telephone"** — broad enough to encompass text messages. This creates a **circuit split** that further demonstrates the issue is far from settled.

**D. A Northern District GA Judge Has Allowed a Text Message TCPA Claim to Survive**

Not all N.D. Ga. cases have gone the defendant's way. In *Bramlett v. RES 360 LLC* (N.D. Ga. 2026), a TCPA claim based on text messages **survived a motion to dismiss** in this very district. The defendant in *Bramlett* actually **conceded** that its text messages qualified as "telephone calls" under the TCPA. This demonstrates

that the "text ≠ call" argument is **not unanimous** in the N.D. Ga. and that at least one judge in this district has allowed a text message TCPA claim to proceed.

**E. There Is Now an Active Circuit Split Among Federal Courts of Appeals**

The question of whether text messages are "telephone calls" under the TCPA is currently the subject of an **active circuit split** among the federal courts of appeals, and the Eleventh Circuit has not yet ruled on this issue. **The Ninth Circuit holds that text messages ARE calls under § 227(b)(1)(A).** In *Howard v. Republican National Committee*, 164 F.4th 1119, 1123-24 (9th Cir. 2026), the Ninth Circuit held that "the term 'call' in Section 227(b)(1)(A) encompasses text messages sent to wireless telephones." This is **binding appellate authority** that directly supports Plaintiff's Count I, which arises under the same statute — § 227(b)(1)(A)(iii).

**The Seventh Circuit holds that text messages are NOT calls under § 227(c)(5), but acknowledged that § 227(b) cases are different.** In *Steidinger v. Blackstone Medical Services*, No. 25-2398, 2026 WL 2028517 (7th Cir. July 14, 2026), the Seventh Circuit became the first federal court of appeals to hold that text messages are not "telephone calls" under § 227(c)(5). Critically, however, the Seventh Circuit **expressly distinguished** the § 227(b) cases — including *Campbell-Ewald* and *Howard* — as involving a "different statutory provision." *Id.*

at *3-4. The Seventh Circuit's ruling thus **does not undermine** Plaintiff's Count I, which arises under § 227(b), not § 227(c)(5).

**The Eleventh Circuit has not yet ruled.** The appeal in *Radvansky v. Kendo Holdings, Inc.*, No. 26-10837-FF (11th Cir. 2026), was **dismissed by stipulation** in July 2026, so the Eleventh Circuit will not be ruling on this issue through that case. The AARP Foundation has identified this issue as one likely to reach the **Supreme Court** given the now-existing circuit split. *See* AARP Foundation, "Erosion of TCPA Robocall and Text Scam Protections" (2026 Supreme Court Preview).

**The law is in a state of flux.** With a direct circuit split between the Ninth and Seventh Circuits, and with the Eleventh Circuit yet to weigh in, dismissal **with prejudice** is premature. At minimum, the Court should deny dismissal of Count I (which is supported by Supreme Court precedent and the Ninth Circuit's binding appellate decision) or dismiss without prejudice to allow refiling if the Eleventh Circuit or Supreme Court resolves the split in Plaintiff's favor.

## III. THE ATDS ALLEGATION IS NOT CONCLUSORY BECAUSE TOPGOLF'S OWN WEBSITE ADMITS ATDS USE

Topgolf argues that Plaintiff's ATDS allegation is "conclusory" and a "bare allegation." This argument fails because it ignores **Topgolf's own admission** on its website.

**A. Topgolf's Website Is a Party Admission**

Topgolf's Terms and Conditions, published on its website at topgolf.com, state:

***"Text messages may be sent using an automatic telephone dialing system, or artificial or pre-recorded voice."***

This is a **party admission** under the Federal Rules of Evidence. Topgolf uses the phrase "automatic telephone dialing system" — the **exact statutory term** defined in 47 U.S.C. § 227(a)(1). This is not a paraphrase, not a layperson's description, and not a generic disclaimer. It is the precise statutory term, used by the party itself, on its own website.

**B. Courts Have Accepted This Strategy**

In *Turizo v. Jiffy Lube International, Inc.*, No. 19-61140, 2019 WL 4737696 (S.D. Fla. Sept. 27, 2019), the court **denied a motion to dismiss** where the plaintiff pointed to the defendant's own website describing its system as an "automated system" that sends "autodialed ads." The court found that the defendant's own description of its system, combined with allegations of short code use and generic content, was sufficient to plausibly allege ATDS use.

In *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271 (S.D. Cal. July 8, 2021), the court held:

**"While additional factual details about Defendant's equipment might be helpful, they are not required at the pleading stage... Plaintiff need not describe the technical details of Defendant's alleged ATDS at this stage."**

And in *In re Jiffy Lube International, Inc., Text Spam Litigation*, 847 F. Supp. 2d 1253 (S.D. Cal. 2012), the court held that alleging receipt of text messages from a **short code** was sufficient to plausibly allege ATDS use, stating: "While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage."

**C. Plaintiff's Allegations Are Sufficient**

Plaintiff has alleged the following facts that, taken together, plausibly establish ATDS use:

1. **Topgolf's own website admits** using an "automatic telephone dialing system" — a party admission using the exact statutory term
2. Plaintiff received 29 **text messages over a four-month period** — a volume consistent with automated, bulk messaging
3. The messages were **promotional/advertising** in nature — consistent with automated marketing campaigns, not individual personal messages

4. The messages were sent **without Plaintiff's consent** — Plaintiff never visited Topgolf, never signed up for text messages, and never provided his phone number to Topgolf
5. The messages were **generic and impersonal** — consistent with a templated, automated system, not human-composed messages

Under *Iqbal* and *Twombly*, these facts — especially Topgolf's own admission raise a plausible inference that Topgolf used an ATDS. The question of whether Topgolf's specific system has the technical capacity to use a random or sequential number generator is a **factual question for discovery**, not a legal question for a motion to dismiss. As courts have repeatedly held, "plaintiffs are without a realistic means of alleging the precise type of machine a defendant has used" before discovery. *See In re Jiffy Lube*, 847 F. Supp. 2d at 1258.

**IV. COUNT II SHOULD NOT BE DISMISSED WITH PREJUDICE**

**A. The Law Is Unsettled**

Plaintiff acknowledges that recent N.D. Ga. cases have held that text messages are not "telephone calls" under § 227(c)(5). However, this law is **not settled**:

1. **Bramlett v. RES 360** (N.D. Ga. 2026) allowed a text message TCPA claim to survive in this very district

2. **Wilson v. Better Mortgage Corp.** (2d Cir. 2025) held the opposite — that "call" encompasses text messages
3. **Radvansky** is **on appeal** to the Eleventh Circuit — the issue may be reversed
4. A **circuit split** exists between the Second Circuit (texts are calls) and Seventh Circuit (texts are not calls under § 227(c)(5))

**B. Dismissal Should Be Without Prejudice at Minimum**

Even if this Court agrees with Topgolf that text messages are not "telephone calls" under § 227(c)(5), dismissal should be **without prejudice**, not with prejudice. The law is in a state of flux, and the Eleventh Circuit may reverse the district court precedent Topgolf relies on. Dismissal with prejudice would improperly foreclose Plaintiff's ability to refile if the law changes. As this Court recently noted, dismissal with prejudice is warranted only when a claim "cannot be rescued by a more carefully drafted complaint." *Royal*, 2026 WL 1537161, at *4. Here, if the Eleventh Circuit reverses *Radvansky* and holds that text messages are "telephone calls" under § 227(c)(5), a more carefully drafted complaint could state a valid claim.

**C. Topgolf's Timing Argument Is Without Merit**

Topgolf argues in a footnote that Plaintiff failed to allege that text messages were sent "after" Plaintiff listed his number on the Do Not Call registry. Compl. ¶¶ 16, 29. Plaintiff alleges that he "placed" his phone number on the National Do Not Call list and that the number "is listed" on the registry. Compl. ¶ 16. The Complaint further alleges that Defendant sent text messages "until the present day." Compl. ¶ 14. Liberally construed, this alleges that messages were sent while Plaintiff's number was on the registry. This is a factual matter appropriate for discovery, not grounds for dismissal.

## V. THE TREBLE DAMAGES CLAIM SURVIVES

Topgolf argues that Plaintiff failed to plead "willful or knowing" violations sufficient to support treble damages under 47 U.S.C. § 227(b)(3). This argument is premature.

### A. Willfulness Is a Factual Question for Discovery

The Eleventh Circuit in *Lary v. Trinity Physician Financial & Insurance Services, Inc.*, 780 F.3d 1101, 1107 (11th Cir. 2015), addressed treble damages in the context of **summary judgment**, not a motion to dismiss. *Lary* did not hold that willfulness must be specifically pleaded with particularized facts at the complaint stage. Rather, *Lary* held that the "bare assertion" of willful and knowing violations

was a "legal conclusion, not an assertion of fact that [the court] must accept as true." *Id.* at 1107. However, Plaintiff's Complaint alleges facts that support an inference of willfulness:

1. **Volume**: Plaintiff received 29 **text messages** over a four-month period
2. **No consent**: Plaintiff never gave Topgolf his phone number, never visited a Topgolf venue, and never signed up for any Topgolf program
3. **Persistence**: The messages came "with such persistence and frequency as to amount to a course of hounding the Plaintiff" (Compl. ¶ 23)
4. **Do Not Call registry**: Plaintiff's number was on the National Do Not Call registry

These facts, taken together, plausibly suggest that Topgolf either knew or recklessly disregarded that it was texting without consent. Whether Topgolf's conduct was "willful or knowing" is a factual question that requires discovery into Topgolf's internal policies, training, and awareness. It is inappropriate to resolve this question on a motion to dismiss.

## VI. TOPGOLF'S "SERIAL PLAINTIFF" CHARACTERIZATION IS IRRELEVANT

Topgolf spends a significant portion of its Motion attacking Plaintiff personally as a "serial TCPA plaintiff" and citing cases from 2015 and 2019. This argument is **legally irrelevant** to whether Topgolf violated the TCPA.

**A. The TCPA Contains No Exception for "Serial Plaintiffs"**

The TCPA protects **all consumers** — there is no statutory exception for individuals who have previously filed TCPA lawsuits. Congress did not limit the TCPA's protections to first-time litigants. Whether Plaintiff has filed other lawsuits has no bearing on whether Topgolf sent unsolicited text messages to Plaintiff's cell phone using an ATDS without consent.

**B. Prior Cases Are Distinguishable**

The cases Topgolf cites are factually distinguishable. *Franklin v. Upland Software, Inc.*, No. 1-18-CV-00236-LY, 2019 WL 433650 (W.D. Tex. Feb. 1, 2019), involved allegations that Plaintiff had committed fraud on the court by filing despite evidence of consent. There are **no allegations of fraud or consent** in this case — Plaintiff unequivocally states he never visited Topgolf, never signed up, and never gave his phone number.

**C. Ad Hominem Attacks Have No Place in Motion Practice**

Topgolf's personal attacks on Plaintiff are ad hominem arguments that do not address the legal merits of the Complaint. The Court should focus on whether the Complaint states a plausible claim under the TCPA, not on Plaintiff's litigation history.

## VII. PLAINTIFF RESERVES THE RIGHT TO AMEND

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff reserves the right to file an amended complaint as a matter of course within 21 days of service of Topgolf's Motion to Dismiss. To the extent this Court finds any deficiency in the Complaint, Plaintiff respectfully requests that dismissal be **without prejudice** to allow amendment, rather than with prejudice. The defects Topgolf identifies — including the typographical reference to "Defendant MIC" — are readily curable by amendment.

Under Judge Grimberg's Standing Order, if Plaintiff files an amended complaint under Rule 15(a)(1), Defendant is directed to determine within 10 days whether the pending motion to dismiss has been rendered moot, and if so, to withdraw it.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court **DENY** Topgolf's Motion to Dismiss (ECF No. 5). At minimum, the Court should:

1. **Deny dismissal of Count I** (§ 227(b)(1)(A)(iii) ATDS claim) because the Supreme Court in *Campbell-Ewald* held that text messages are "calls" under this exact statute, and Topgolf's own website admits ATDS use
2. **Dismiss Count II without prejudice** (if at all) because the law is unsettled, the issue is on appeal to the Eleventh Circuit, and *Bramlett v. RES 360* allowed a similar claim to survive in this district
3. **Deny dismissal of the treble damages claim** because willfulness is a factual question for discovery
4. **In the alternative, dismiss without prejudice** to allow Plaintiff to amend the Complaint

Respectfully submitted, October 8th, 2026

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
(470-542-2809)
rrfrank12@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2026 I served a true and correct copy of the foregoing Plaintiff's First Amended Complaint on counsel for Defendant by U.S. mail, addressed as follows:

Nathan L. Garroway, Esq.

Attn: Mark A. Silver, Esq. Lauren J. Towell, Esq.

303 Peachtree Street, N.E., Suite 5300

Atlanta, GA 30308

**COUNSEL FOR DEFENDANT TOP GOLF USA LLC**