**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RICKY R. FRANKLIN<br><br>Plaintiff<br><br>v.<br><br>TOP GOLF USA, LLC<br><br>Defendant. | Case No.: 1:26-CV-5071-SDG |

**REPLY BRIEF IN SUPPORT OF DEFENDANT TOPGOLF INTERNATIONAL, LLC'S MOTION TO DISMISS**

Defendant TopGolf International, LLC ("TopGolf" or "Defendant") files this Reply Brief in Support of its Motion to Dismiss.

## INTRODUCTION

TopGolf acknowledges that there is a split of authority throughout the country of whether "telephone calls" or "calls" included text messages when the TCPA was enacted in 1991. However, every Northern District of Georgia case addressing this issue has held that text messages do not fit under the statutory definitions. The majority of district courts throughout the country are also in accord.

Plaintiff makes two main arguments. First, he contends that the Northern District of Georgia cases "all cite a different statute," claiming that all of these cases were decided under Section 227(c)(5) (using "telephone calls") instead of Section (b) (using "calls"). ECF No. 9 at 1-2. This is not true. TopGolf's Motion to Dismiss

extensively cited *Royal v. Georgia CVS Pharmacy, L.L.C*, No. 1:26-CV-01357-ELR, 2026 WL 1537161, at *3 (N.D. Ga. May 8, 2026), where the court noted that it had recently held in another case that 227(c)(5) did not include text messages, and then held as follows: "the Court finds that subsection 227(b) is limited in the same way; it also does not include transmission of text messages." *See* ECF No. 5 at 3, 14.

Plaintiff next argues that that the United States Supreme Court already decided this issue. Given that Northern District of Georgia cases have all held that a text message is not a "call" or "telephone call," it should come as no surprise that this incorrect. "The Supreme Court in *Campbell-Ewald* did not affirmatively hold that text messages were included within the meaning of a 'call;' instead, the parties in that case did not dispute that a text message qualified as a call." *Royal*, No. 1:26-CV-01357-ELR, 2026 WL 1537161, at *3 (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, 136 S. Ct. 663, 666 (2016)); *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-CV-2811-TWT, 2026 WL 456919, at *4 (N.D. Ga. Feb. 17, 2026) ("[T]he Supreme Court assumed but did not actually decide [the definition of 'call'] in *Campbell-Ewald* . . . ."). This Court should follow the unanimous holdings of this district, and the majority of courts throughout the country, and hold that text messages are not "calls" (Count I) or "telephone calls (Count II).

If this court holds that text messages can qualify, then Plaintiff must plausibly allege that TopGolf used an autodialer. Plaintiff cites TopGolf's Terms of Use on its

website that, it claims, say that text messages "may be sent" using an autodialer. This is not alleged in the Complaint. Regardless, that TopGolf has included TCPA-required language that autodialers "may" be sent is not a judicial admission that they were used here. Indeed, although this case should not proceed to discovery, Top Golf's records would show that, as in Plaintiff's other cases where similar fraud allegations against Plaintiff were made, someone (presumably Plaintiff) entered Plaintiff's phone number for the express purpose or receiving these marketing messages. Plaintiff does not plausibly allege that TopGolf uses a "random or sequential" number generator to send unsolicited messages throughout the country.

TopGolf unfortunately ends this brief by pointing out at least eleven substantive errors, both legally and factually, that call into question whether artificial intelligence was improperly utilized in the drafting of Plaintiff's Opposition Brief.

## ANALYSIS

### I. Count II Should Be Dismissed with Prejudice Under Rule 12(b)(6) for Failure to State a Claim Under the TCPA.

Plaintiff acknowledges that recent Northern District of Georgia cases have held that a text message is not a "telephone call." A few weeks ago, Judge Boulee decided this issue as well. *See Ankrah v. Streamline Funding, LLC,* No. 1:26-CV-00784-JPB, 2026 WL 3027138 (N.D. Ga. Sept. 29, 2026). Judge Boulee needed just two paragraphs of analysis to hold that text messages were not telephone calls because, "while 'it was settled law' for a time that text messages were 'calls' within

the meaning of the TCPA, that rule was based on courts' deference to the Federal Communications Commission's interpretation of the statute." *Id.* at *2. "No ordinary user of the English language would write the sentence 'John called Sue' intending to mean 'John sent a text message to Sue,' nor would any ordinary reader interpret the sentence in that manner." *Id.* (quotation omitted).

Plaintiff disputes this common sense holding for two reasons. First, Plaintiff argues that there has been one Northern District of Georgia court holding that text messages are calls. But in *Bramlett v. RES 360 LLC*, No. 1:25-CV-3312-MLB, 2026 WL 613023, at *1 (N.D. Ga. Mar. 4, 2026), the defendant did not argue that text messages were not telephone calls, and thus Judge Brown recognized that it was "undisputed" in that case. *Id.*[1] With no further analysis of this issue, the court then went on to address the text messages were adequately alleged to be solicitations. *Id.*

Second, Plaintiff inaccurately argues that there is circuit split on this issue. The Seventh Circuit held a few months ago that text messages are not "telephone calls" under this Statute. *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026). Although Plaintiff claims the Second Circuit decided this issue the other way, *Wilson v. Better Mortgage Corp.* is a Southern District of New York case. No. 1:25-cv-05503, 811 F.Supp.3d 631 (S.D.N.Y. Dec. 5, 2025). This case was never

[1] *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (June 20, 2026), was decided about a month before the defendant filed her motion to dismiss.

appealed to the Second Circuit Court of Appeals, and there was a stipulation of dismissal filed on June 30, 2026. ECF. No. 42. A court in this district recently recognized that "the only Circuit Court of Appeals that has squarely addressed the issue of whether text messages are telephone calls under § 227(c)(5) is the Seventh Circuit, which came down on the issue in favor of defendants (i.e., text messages are not telephone calls." *See Phillips v. GJD Stars Inc.*, No. 26-cv-61910, 2026 WL 3060556, at *1 n.2 (S.D. Fla. Sept. 18, 2026) (citing *Steidinger*, 182 F.4th 532). This Court should follow the unanimous holdings of this Court.

## II. Count I Should Be Dismissed with Prejudice Under Rule 12(b)(6) for Failure to State a Claim Under the TCPA.

Count I should be also dismissed. First, the United States Supreme Court has not already decided this issue. Second, Plaintiff incorrectly argues that courts in this Circuit have not decided whether a Section 227(b) "call" is a "text message." Finally, and alternatively, Plaintiff has not adequately alleged the use of an ATDS.

First, the United States Supreme Court has not held that a text message is a "call" under Section 227(b). In *Campbell-Ewald Co. v. Gomez*, the United States Supreme Court granted certiorari in a TCPA case involving text messages to resolve a circuit split over whether an unaccepted offer of judgment an moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction. 577 U.S. 153, 156, 136 S. Ct. 663, 666 (2016). The Supreme Court noted in one sentence that it was "undisputed" by the parties at that time that a text message was a call under the

Section 227(b). *Id.* The Court did not decide this issue. Indeed, a few years later the Supreme Court cited *Campbell-Ewald* and again noted that, because "neither party disputes" that a text message qualified as a "call," the Court "assumes that it does without considering or resolving that issue." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n.2, 141 S. Ct. 1163, 1168 n.2 (2021); *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532, 537 (7th Cir. 2026) ("The Court subsequently [in *Facebook*] indicated that [*Campbell-Ewald*] was not a substantive decision on the meaning of 'call,' just an assumption for the purposes of the case since neither party contested the issue." . . . . Here, the parties dispute the meaning of telephone call, so we confront a question that the Supreme Court hasn't answered." (citing *Facebook*, 592 U.S. at 400 n.2)). "In short, neither *Campbell-Ewald* nor *Facebook* includes any binding interpretation of the statutory term 'telephone call' at issue here." *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025).

*Campbell-Ewald* is "unhelpful to [Plaintiff] because Defendant *do[es]* dispute whether the transmission of text messages violated subsection 227(b)(1)(A)." *See Royal*, No. 1:26-CV-01357-ELR, 2026 WL 1537161, at *3. So courts must decide this question anew. Plaintiff does not dispute that (1) "call" did not include text messages in 1991 and (2) a natural person using the word "call" does not mean a text message. Thus, this Court should agree with unanimous consensus of cases in

this jurisdiction and hold that text messages are not "calls" under Section 227(c).[2]

Second, Plaintiff incorrectly argues that Top Golf did not cite cases decided under Section 227(b). *Royal* expressly held that a text message is a "call" under Section 227(b). And other district court cases in this Circuit are in accord. *See also Lopresti v. Nouveau Essentials Mktg. LLC*, No. 5:25-CV-00282-CEM-PRL, 2026 WL 964758, at *6 (M.D. Fla. Feb. 26, 2026) ("Defendant is entitled to judgment on the pleadings because Plaintiff lacks a private right of action under § 227(b) and § 227(c) for the text messages alleged in the complaint." (emphasis added)).

Finally, Plaintiff alternatively argues that he has adequately alleged that an ATDS was used. Plaintiff relies on TopGolf's website Terms and Conditions, which are not alleged in the Complaint and thus cannot be considered on a motion to dismiss. Regardless, the quotation from the website says that TopGolf "may" use an autodialer or prerecorded voice, not that TopGolf must use them. TopGolf did not use a "random or sequential number generator" or a prerecorded voice to send these

---

[2] TopGolf respectfully requests, if this Court disagrees on this issue, that it certify this issue for interlocutory appeal. A district court may certify an interlocutory ruling for appeal only where that ruling (1) "involves a controlling question of law[,]" (2) "as to which there is substantial ground for difference of opinion[,]" (3) "and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *Cosby v. State Farm Fire & Cas. Co.*, No. 1:22-CV-03449-ELR, 2024 WL 1235539, at *5 (N.D. Ga. Feb. 15, 2024). All three factors would be met here. First, the controlling issue of law is whether a text message is a "call" or "telephone call." Second, there would be substantial ground for difference of opinion as at least six Northern District of Georgia cases would hold otherwise. Third, a ruling by the Eleventh Circuit on this issue could immediately end this case with no discovery.

messages, and there are no plausible allegations of such.

Plaintiff then claims that *Turizo v. Jiffy Lube International, Inc.*, supports its argument because it "denied a motion to dismiss." Plaintiff argues the below:

> In *Turizo v. Jiffy Lube International, Inc.*, No. 19-61140, 2019 WL 4737696 (S.D. Fla. Sept. 27, 2019), the court denied a motion to dismiss where the plaintiff pointed to the defendant's own website describing its system as an "automated system" that sends "autodialed ads." The court found that the defendant's own description of its system, combined with allegations of short code use and generic content, was sufficient to plausibly allege ATDS use.

ECF No. 9 at 10. This is an inaccurate description of *Turizo*. The *Turizo* court <u>granted</u> a motion to dismiss, finding that the allegations were <u>insufficient</u> to plead use of an ATDS. *Id.* at *3. The relevant portion of this opinion is copied below:

> Upon review, the allegations in the First Amended Complaint are insufficient to plausibly allege the use of an ATDS. In the First Amended Complaint, Turizo alleges that Jiffy Lube provides its franchisees like Ace with "access to [a] robust array of marketing assets and tools to leverage for local store marketing," and equipment, software, hardware, and other products and services as part of its franchise agreement. ECF No. [16] ¶¶ 8, 10. In addition, Turizo alleges that the equipment, software, hardware, and other products provided include an ATDS—echoing statutory language defining an ATDS—that enables Ace to send marketing text messages to Florida consumers like Turizo, who received at least two such marketing messages. Id. ¶¶ 11-12. Turizo proceeds to provide a screenshot of one of the text messages, which is addressed to him, and states "Blake, Thank you for allowing our team to help you. Please click the link below to leave your feedback!" Id. ¶ 14. As pleaded, there are no facts alleged to connect Jiffy Lube's provision of "marketing assets and tools" with Turizo's conclusory allegation that one of the tools was an ATDS. In addition, the text of the message raises an inference that it was sent as a result of some provision of services to Turizo, as opposed to a marketing message sent en masse, as alleged. Therefore, the First Amended

> Complaint fails to sufficiently allege that Defendant used an ATDS to send the text messages at issue.[3]

*Id.* at *3. This case is not helpful to Plaintiff.

After *Facebook*, Plaintiff must plausibly plead that TopGolf was using a random or sequential number generator to send him messages. Courts in the Eleventh Circuit recognize this is a high burden—which is why these cases are no longer widely brought in the country, let alone the Eleventh Circuit. Even assuming that text messages are "telephone calls," Plaintiff's allegations are insufficient.

## III. Plaintiff Fails to Plead Facts Suggesting "Willful" or "Knowing" Violations of the TCPA.

Plaintiff's allegations regarding trebled damages are insufficient. In *Lary v. Trinity Physician Financial & Insurance Services, Inc.*, 780 F.3d 1101, 1107 (11th Cir. 2015), the Eleventh Circuit held in a TCPA case that "the requirement of

---

[3] TopGolf is unclear what case Plaintiff meant to cite. Plaintiff may have intended to cite *Turizo v. Subway Franchisee Advertising Fund Trust Ltd.*, 603 F. Supp. 3d 1334, 1343 (S.D. Fla. 2022), which does very briefly discuss a defendant's website and has the same serial plaintiff. However, this case also is irrelevant because it was brought under the Florida Telephone Solicitation Act ("FTSA"). While the court did allow FTSA claims to proceed past a motion to dismiss, it expressly distinguished the TCPA. "Consequently—unlike the TCPA—nothing in the FTSA requires an autodialer to be capable of randomly or sequentially generating telephone numbers." *Id.* Further, after facing a flood of FTSA actions, Florida amended the FTSA in 2023 to add additional pleading requirements prior to a defendant filing a lawsuit. *See* House Bill 761 (2023).

Plaintiff cites one line from a Southern District of California case that was decided nine years before *Facebook* and under a different definition of an ATDS. *See In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) (holding that a calling platform dialing from a stored list can qualify as an ATDS, which is a definition that was expressly rejected by *Facebook*). And while Plaintiff also cites a quotation from *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271, 2021 WL 2863623, at *7 (S.D. Cal. July 8, 2021), holding that usage of an ATDS was adequately pled, three months later the same court granted a motion for reconsideration and dismissed the ATDS claim after further reconsideration of the then-recent *Facebook* case. *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271, 2021 WL 4804464 (S.D. Cal. Oct. 14, 2021).

‘willful[ ] or knowing[ ]’ conduct requires the violator to know he was performing the conduct that violates the statute.” Plaintiff does not meet this standard because he does not allege, for example, that he texted “stop” to notify Top Golf that they were allegedly texting someone who had not signed up for their text messages.

Plaintiff argues that *Lary* was a summary judgment case. *Lary* was not a summary judgment case and instead was decided on a motion for default judgment. *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015). The Eleventh Circuit outlined what is required to be alleged in the Complaint, holding that “the bare assertion in Lary’s complaint that the defendants ‘willfully’ and ‘knowingly’ violated the Act was a legal conclusion, not an allegation of fact that we must accept as true.” *Id.* at 1107. Applying *Lary*, a district court held that, “[i]n *Lary*, and in this case, the plaintiff’s pleading did not specifically allege that the defendants knew they were sending an unsolicited fax and in *Lary*, the plaintiff failed to present evidence entitling him to treble damages upon entry of the default judgment.” *Blake Tishman, P.A. v. Baptist Health S. Fla., Inc.*, No. 17-62230-CIV, 2019 WL 3890506, at *6 (S.D. Fla. June 10, 2019); *Blikken v. Risen Cap., LLC*, No. 8:15-CV-1693-T-27MAP, 2016 WL 7423411, at *2 (M.D. Fla. Nov. 28, 2016).

Here, Plaintiff does not allege that TopGolf had any knowledge that it was (allegedly) texting someone without consent. Dismissal is appropriate.

## IV. Plaintiff's Opposition Appears to Significantly Rely on the Improper Use of Artificial Intelligence.

Defendant recognizes that Plaintiff is proceeding pro se and is entitled to leeway. However, while this Court's standing Order allows for AI tools to be used, "if a pleading or paper that is filed in a case contains factual or legal errors, the party and lawyers who filed it will be held responsible." ECF No. 3 at 3-4.

Plaintiff is a sophisticated litigant who has litigated district and appellate court cases for over a decade. Thus, even though these identified concerns would be a concern with any pro se party, they are especially significant here. These improper arguments have caused significant time by Defendant's Counsel to address. Defendant has outlined some of the false statements, citations, quotations, etc. below in chronological order as they appear in Plaintiff's Opposition:

1. <u>Plaintiff's Claim</u>: "The Northern District of Georgia cases Topgolf cites all addressed a different statute - § 227(c)(5) (the Do Not Call provision) - not§ 227(b) (the ATDS provision)." ECF No. 9 at 1-2.

   a. Defendant's Brief cited *Royal v. Georgia CVS Pharmacy, L.L.C*, No. 1:26-CV-01357-ELR, 2026 WL 1537161, at *3 (N.D. Ga. May 8, 2026), where the court held: "The Court finds that subsection 227(b) is limited in the same way; it also does not include transmission of text messages." *See* ECF No. 5 at 3, 14 ("First, courts in the Northern District of Georgia that hold that a 'telephone call' is not a text message also hold that a 'call' is not a text message. Thus, Count I can be dismissed. *See, e.g.*, *Royal v. Ga. CVS Pharmacy, L.L.C*, No. 1:26-CV-01357ELR, 2026 WL 1537161, at *3 (N.D. Ga. May 8, 2026) ("The plain meaning of the word 'call' means the audio communication between two or more cellphone users; 'call' is not ordinarily understood to mean the transmission of

written text between cellphone users.”).”

2. Plaintiff’s Claim: “The **Seventh Circuit** in *Steidinger v. Blackstone Medical Services* (7th Cir. 2026) explicitly distinguished the two provisions, holding that § 227(b) - which governs autodialed communications - is **“unaffected”** by the § 227(c)(5) “text=#= call” rulings. ECF No. 9 at 6.

    a. Although “unaffected” is in bold and in quotations in Plaintiff’s Opposition, that word does not appear in the *Steidinger* decision. *See generally Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532, 537 (7th Cir. 2026).

3. Plaintiff’s Claim: “The Seventh Circuit thus confirmed that even if text messages are not ‘telephone calls’ under§ 227(c)(5), they remain ‘calls’ under § 227(b)(1)(A)(iii).” ECF No. 9 at 6.

    a. The Seventh Circuit did not hold this and held that this is an issue the Supreme Court “hasn’t answered:”

       “Plaintiffs assert that decisions by the Supreme Court, this circuit, and other circuits support their reading of § 227(c)(5). They are mistaken. The plaintiffs point to the Supreme Court’s decision in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016), which involved a suit brought under § 227(b)(3), a different provision of the TCPA. There, the Court observed that “[a] text message to a cellular telephone, it is undisputed, qualifies as a ‘call’ within the compass of § 227(b)(1)(A)(iii).” *Id.* at 156, 136 S.Ct. 663. But the Court subsequently indicated that this was not a substantive decision on the meaning of “call,” just an assumption for the purposes of the case since neither party contested the issue. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 & n.2, 141 S.Ct. 1163, 209 L.Ed.2d 272 (2021) (citing *Campbell-Ewald* and stating that because “[n]either party disputes that the TCPA’s prohibition also extends to sending unsolicited text messages,” the Court would “therefore assume that it does without considering or resolving that issue”). Here, the parties dispute the meaning of telephone call, so we confront a question that the Supreme Court hasn’t answered.” *Steidinger*, 182

F.4th at 537 (emphasis added).

4. Plaintiff's Claim: "Additionally, the Second Circuit in *Wilson v. Better Mortgage Corp.* (2d Cir. 2025) rejected the argument that "call" was fixed at its 1991 meaning, holding that 'call' in 1991 meant 'any communication made by telephone' -- broad enough to encompass text messages. This creates a **circuit split** . . . ." ECF No. 9 at 7.

    a. *Wilson v. Better Mortgage Corp.*, No. 1:25-cv-05503, 811 F.Supp.3d 631 (S.D. N.Y. Dec. 5, 2025), is from the Southern District of New York. It is not a circuit court case, and there is no split of circuit authority. *See Phillips v. GJD Stars Inc.*, No. 26-cv-61910, 2026 WL 3060556, at *1 n2. (S.D. Fla. Sept. 18, 2026) (noting the Seventh Circuit is the only circuit to address this issue).

5. Plaintiff's Claim: "In *Howard v. Republican National Committee,* 164 F.4th 1119, 1123-24 (9th Cir. 2026), the Ninth Circuit held that 'the term "call" in Section 227(b)(1)(A) encompasses text messages sent to wireless telephones.'" ECF No. 9 at 8.

    a. Although the phrase "call in Section 227(b)(1)(A) encompasses text messages sent to wireless telephones" is in quotations, that quotation is not in the case. When asked if this quote appears in *Howard*, Google AI states that "AI models synthesize these overlapping concepts, blending the specific ruling in *Howard* with the general rule that the TCPA encompasses text messages sent to wireless telephones."

6. Plaintiff's Claim: "In *Turizo v. Jiffy Lube International, Inc.*, No. 19-61140, 2019 WL 4737696 (S.D. Fla. Sept. 27, 2019), the court denied a motion to dismiss where the plaintiff pointed to the defendant's own website describing its system as an 'automated system' that sends 'autodialed ads.' The court found that the defendant's own description of its system, combined with allegations of short code use and generic content, was sufficient to plausibly allege ATDS use." ECF No. 9 at 10.

    a. As quoted above, *supra* pages 8-9, this is inaccurate both factually and legally. *Turizo* granted a motion to dismiss on defendant's

ATDS claims and did not discuss defendant's website.

7. Plaintiff's Claim: "In *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271 (S.D. Cal. July 8, 2021), the court held: 'While additional factual details about Defendant's equipment might be helpful, they are not required at the pleading stage . . . Plaintiff need not describe the technical details of Defendant's alleged ATDS at this stage.'" ECF No. 9 at 11.

    a. This case appears as a "red flag" on Westlaw because three months later the same court granted a motion for reconsideration on this exact issue and dismissed the ATDS claim. *See Gross v. GG Homes, Inc.*, No. 3:21-cv-00271, 2021 WL 4804464, at *3 (S.D. Cal. Oct. 14, 2021) (holding that allegations in plaintiff's complaint "render[] implausible the allegation that Defendant sent the texts using an ATDS, [thus] the FAC is subject to dismissal").

8. Plaintiff's Claim: "As courts have repeatedly held, 'plaintiffs are without a realistic means of alleging the precise type of machine a defendant has used' before discovery. *See In re Jiffy Lube*, 847 F. Supp. 2d at 1258." ECF No. 9 at 12.

    a. This quote does not appear in *In re Jiffy Lube*. A Westlaw search does not show this quote in any publicly-cited federal case. However, a Google AI search for this quote comes up with: "Under the TCPA, plaintiffs frequently sue companies for using prohibited automated dialing systems (ATDS). In these lawsuits, federal courts have established that 'plaintiffs are without a realistic means of alleging the precise type of machine a defendant has used' before the discovery phase of a trial begins. A prominent example of this ruling is found in *In re Jiffy Lube Int'l, Inc.* (S.D. Cal. 2012)."

9. Plaintiff's Claim: "The Eleventh Circuit in *Lary v. Trinity Physician Financial & Insurance Services, Inc.*, 780 F.3d 1101, 1107 (11th Cir. 2015), addressed treble damages in the context of **summary judgment**." ECF No. 9 at 14.

    a. *Lary* was decided on a motion for default judgment, and the words "summary judgment" do not appear in that case.

10. Plaintiff's Claim: "Under Judge Grimberg's Standing Order, if Plaintiff

files an amended complaint under Rule 15(a)(1), Defendant is directed to determine within 10 days whether the pending motion to dismiss has been rendered moot, and if so, to withdraw it." ECF No. 9 at 17.

a. This does not appear in this Court's Standing Order. ECF No. 3. Instead, Google AI appears to contain this hallucinated requirement.

These errors are significant and appear throughout Plaintiff's brief.[4] Plaintiff has been on notice of his improper AI usage going back to at least May 13, 2026, when defense counsel in another case before this Court pointed out improprieties. *Franklin v. Palmer*, No. 1:26-cv-01059-SDG, ECF. No. 16 (citing similar hallucinations). Pleadings in other cases from this Plaintiff show similar signs of improper usage. *See, e.g., Franklin v. MensUSA LLC*, 1:25-cv-03930-SDG, ECF No. 19 at 5 (appearing to include an improper citation to *Kale v. Obstfeld*, 691 F. Supp. 2d 260, 267 (S.D.N.Y. 2010)); *Franklin v. Classic Firearms, LLC*, No. 1:24-cv-03922-SDG, ECF No. 15, at 4, 5 (containing multiple improper citations, including an improper quotation to *Jewelmasters, Inc. v. May Dep't Stores*, 840 F. Supp. 893, 894-95 (S.D. Fla. 1993), and attributing a quote to *Van Dusen v. Barrack*, 376 U.S. 612 (1964), that instead is from an FCC Motion at 2009 WL 3867712 (C.D. Cal.)).

## CONCLUSION

This Court should dismiss Plaintiff's Complaint with prejudice.

[4] Defendant has run out of room in this Brief, but the Opposition has a few other errors/internal inconsistencies. It says twice that the *Radvansky* decision was dismissed in July by stipulation but later says *Radvansky* "is on appeal" and "may be reversed." *Compare* ECF No. 9 at 2-3, 9, *with* ECF No. 9 at 13, 18. Further, while the meaning of § 227(b)(l)(A)(iii) on Page 5 is not necessarily inaccurate, the quoted statement in the Opposition does not appear in the statute itself.

Dated: October 22, 2026

Respectfully submitted,

**DENTONS US LLP**

*/s/ Mark A. Silver*
Nathan L. Garroway, Esq.
Georgia Bar No.: 142194
Mark A. Silver, Esq.
Georgia Bar No.: 811928
Lauren J. Towell, Esq.
Georgia Bar No.: 305478

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Nathan.Garroway@dentons.com
Mark.Silver@dentons.com
Lauren.Towell@dentons.com

*Attorneys for Defendant*

## **LOCAL RULE 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with one of the font and point selections approved by this Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

**DENTONS US LLP**

*/s/ Mark A. Silver*
Mark A. Silver, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2026, a copy of the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to pro se Plaintiff's Court's CM/ECF system. The foregoing was also sent via U.S. mail to:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

This 22nd day of October, 2026.

**DENTONS US LLP**

*/s/ Mark A. Silver*
Mark A. Silver, Esq.
Georgia Bar No.: 811928

303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Mark.Silver@dentons.com

*Attorney for Defendant*